IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:18-cv-23573 |
| v. | ) ) | |
| UNIVERSAL DIVERSIFIED ENTERPRISES, INC.; UNIVERSAL DIVERSIFIED SOLUTIONS LLC | ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF EEOC'S COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action under Title I of the Americans with Disabilities Act, 42 U.S.C. § 1201, *et seq.*, as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Antoine Acosta. As alleged with greater particularity below, Defendants discriminated against Charging Party Acosta when he was terminated from his position as a sheet metal worker based on his actual disability (loss of his left eye) and/or based on being regarded as disabled.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, Universal Diversified Enterprises, Inc. ("UD Enterprises"), a Florida corporation, has continuously been doing business in the State of Florida and the City of Hialeah, and has continuously had at least 15 employees.

5.     At all relevant times, UD Enterprises has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6.     At all relevant times, UD Enterprises has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.     At all relevant times, Defendant, Universal Diversified Solutions LLC ("UD Solutions"), a Florida corporation, has continuously been doing business in the State of Florida and the City of Hialeah, and has continuously had at least 15 employees.

8.     At all relevant times, UD Solutions has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

9.      At all relevant times, UD Solutions has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

10.     On February 19, 2016, more than thirty days prior to the institution of this lawsuit, Charging Party Antoine Acosta filed a charge with the Commission alleging violations of the ADA by Defendant UD Enterprises.

11.     On May 12, 2016, Warren Sutton, owner and operator of UD Enterprises, provided a response to EEOC's Notice of Charge of Discrimination.

12.     On June 26, 2018, the Commission issued to Defendants UD Enterprises and UD Solutions an Amended Letter of Determination finding reasonable cause to believe that the ADA was violated and invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13.     UD Enterprises, through its counsel, received EEOC's Amended Letter of Determination and Conciliation Proposal on June 29, 2018.

14.     UD Solutions received EEOC's Amended Letter of Determination and Conciliation Proposal on June 29, 2018 through its Registered Agent and its principal place of business located at 1050 E. 24th St., Hialeah, Florida.

15.     UD Solutions, through its counsel, provided a response to EEOC's Amended Letter of Determination and Conciliation Proposal on July 17th, 2018.

16.     On August 2, 2018, the Commission issued to Defendants UD Enterprises and UD Solutions a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

17.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

18.     Charging Party Antoine Acosta ("Acosta") was employed by UD Enterprises as a sheet metal installer since approximately August 2015.

19.     UD Enterprises is a sheet metal contractor that fabricates and installs sheet metal, with its principal place of business located at 1050 E. 24th Street in Hialeah, Florida. UD Enterprises is owned and operated by Warren Sutton ("Sutton").

20.     Acosta informed his supervisor at UD Enterprises, Dennis Coyle ("Coyle"), that he suffered an out-of-work injury that resulted in total loss of his left eye in October 2015.

21.     Acosta is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

22.     Acosta's impairment, total loss of his left eye, substantially limits one or more major life activities, including vision.

23.     After his injury, Acosta was cleared by his medical provider to return to work with no restrictions on November 24, 2015.

24.     At least as of November 24, 2015, Acosta again had the requisite skill and experience to perform the position of sheet metal installer, and could perform the essential functions of the position without a reasonable accommodation.

25.     Acosta informed Coyle repeatedly that he was cleared to return to work, but UD Enterprises did not schedule him for work.

26.     On approximately December 9, 2015, Coyle informed Acosta that Sutton, UD Enterprises' owner, did not want Acosta to return to work because of his lost eye, it would be a liability to the company, Sutton did not want to deal with that "headache," and that Acosta was

4

no longer employed with the company.

27.     Defendant UD Enterprises sold its assets, including supplies, equipment, and inventory located at 1050 E. 24th Street, Hialeah, Florida, to Defendant Universal Diversified Solutions, LLC ("UD Solutions") in 2016.

28.     Defendant UD Solutions is a successor in liability to Defendant UD Enterprises.

29.     In 2016, UD Solutions took over all operations from UD Enterprises and continued the same sheet metal business at the same facility located at the same address.

30.     On February 26, 2016, Warren Sutton executed a deed transferring ownership of the property located at 1050 E. 24th Street, Hialeah, Florida 33013 from himself and Janet Sutton to ACKJ Holdings, LLC.

31.     On April 30, 2016, UD Solutions filed an annual report with the Florida Department of State, Division of Corporations listing its current principal place of business and current mailing address as 701 Brickell Avenue, Suite 3300, Miami FL 33131.

32.     On January 16, 2017, UD Solutions filed an annual report with the Florida Department of State, Division of Corporations listing its current principal place of business as 1050 East 24 Street, Hialeah, FL 33013.

33.     On May 12, 2016, UD Enterprises represented to EEOC that it had no employees and its owner, Sutton, continued to work at the facility as an employee of UD Solutions.

34.     UD Enterprises is an active corporation operating within the State of Florida.

35.     UD Enterprises filed annual reports with the Florida Department of State, Division of Corporations listing its current principal place of business and current mailing address as 1050 East 24th Street, Hialeah, FL 33013, and Warren Sutton and Janet Sutton as Directors, on: (1) January 2, 2016; (2) March 19, 2017; and (3) February 2, 2018.

5

36.     UD Solutions continues to operate a sheet metal business located at 1050 E. 24ᵗʰ St, Hialeah, Florida and continues to display the name "Universal Diversified Enterprises, Inc." on the front of the building.

37.     Defendants never performed an individualized assessment of whether Acosta could perform the essential functions of his position.

38.     Defendants refused to schedule Acosta for work and terminated him because of his disability.

39.     Defendants regarded Acosta as having a disability by refusing to schedule him for work and terminating his employment because of an actual or perceived impairment, relying on fears and assumptions about disabilities.

## STATEMENT OF CLAIMS

40.     Paragraphs 1 through 39 are incorporated herein.

41.     Since at least November 24, 2015, Defendants have engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) by terminating Acosta's employment because of his disability.

42.     Since at least November 24, 2015, Defendants have engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) by terminating Acosta's employment because he was regarded as being disabled.

43.     The effect of the practices complained of in paragraph(s) 18-39 above has been to deprive Charging Party Acosta of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

44.     The effect of the practices complained of in paragraph(s) 18-39 above has been to deprive Charging Party Acosta of equal employment opportunities and otherwise adversely

affect his status as an employee, because he was regarded as disabled.

45.     The unlawful employment practices complained of in paragraphs 18-39 above were intentional.

46.     The unlawful employment practices complained of in paragraphs 18-39 above were done with malice or with reckless indifference to the federally protected rights of Charging Party Acosta.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant UD Enterprises, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to schedule and terminating employees on the basis of disability or being regarded as disabled.

B.     Grant a permanent injunction enjoining Defendant UD Solutions, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to schedule and terminating employees on the basis of disability or being regarded as disabled.

C.     Order Defendant UD Enterprises to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities , and which eradicate the effects of its past and present unlawful employment practices.

D.     Order Defendant UD Solutions to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with

disabilities, and which eradicate the effects of its past and present unlawful employment practices.

E.    Order Defendant UD Enterprises to make whole Charging Party Acosta, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or frontpay in lieu of reinstatement.

F.    Order Defendant UD Solutions to make whole Charging Party Acosta, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or frontpay in lieu of reinstatement.

G.    Order Defendant UD Enterprises to make whole Charging Party Acosta by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 18-39 above, in amounts to be determined at trial.

H.    Order Defendant UD Solutions to make whole Charging Party Acosta by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 18-39 above, in amounts to be determined at trial.

I.    Order Defendant UD Enterprises to make whole Charging Party Acosta by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 18-39 above, including emotional pain, suffering, and humiliation, in amounts to be determined at trial.

J.    Order Defendant UD Solutions to make whole Charging Party Acosta by providing compensation for past and future nonpecuniary losses resulting from the unlawful

8

practices complained of in paragraphs 18-39 above, including emotional pain, suffering, and

humiliation, in amounts to be determined at trial.

K.     Order Defendant UD Enterprises to pay Charging Party Acosta punitive damages

for its malicious and reckless conduct, as described in paragraphs 18-39 above, in amounts to be

determined at trial.

L.     Order Defendant UD Solutions to pay Charging Party Acosta punitive damages

for its malicious and reckless conduct, as described in paragraphs 18-39 above, in amounts to be

determined at trial.

M.     Grant such further relief as the Court deems necessary and proper in the public

interest.

N.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Dated: August 31, 2018


                                        JAMES L. LEE
                                        Deputy General Counsel

                                        GWENDOLYN YOUNG REAMS
                                        Associate General Counsel
                                        U.S. Equal Employment Opportunity
                                        Commission
                                        131 M Street, N.E.
                                        Washington, DC 20507

                                        ROBERT E. WEISBERG
                                        Regional Attorney
                                        Florida Bar No. 285676

KRISTEN FOSLID
Supervisory Trial Attorney
Florida Bar No. 688681

/s/ Ana Consuelo Martinez
ANA CONSUELO MARTINEZ
Trial Attorney
Florida Bar No. 110394
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
100 SE 2nd Street, Suite 1500
Miami, FL 33131
Tel: (305) 808-1779
Fax: (305) 808-1835
ana.martinez@eeoc.gov