IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action No. 1:18-cv-23573-UU

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) |
| **Plaintiff,** | ) |
| **&** | ) ) |
| **ANTOINE ACOSTA,** | ) |
| **Plaintiff-Intervenor,** | ) ) |
| v. | ) ) ) |
| **UNIVERSAL DIVERSIFIED ENTERPRISES, INC., AND UNIVERSAL DIVERSIFIED SOLUTIONS, LLC** | ) ) ) ) |
| **Defendants.** | ) ) ) |

**CONSENT DECREE**

This Consent Decree ("Decree") is made and entered into by and between Plaintiff Equal Employment Opportunity Commission ("EEOC"), and Defendants Universal Diversified Enterprises, Inc. ("UDE") and Universal Diversified Solutions, LLC ("UDS"). UDE and UDS are collectively referred to as "Defendants" throughout this Decree; EEOC and Defendants are collectively referred to as the "Parties" throughout this Decree.

**INTRODUCTION**

1.  EEOC filed this action on August 31, 2018, under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), Section 102(b)(5)(A) 42 U.S.C. §12112(b) (5)(A) to

correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Antoine Acosta ("Charging Party").

2. EEOC alleges that Defendants violated the ADA/ADAAA by terminating Charging Party from his position because of his disability and/or perceived disability.

3. In the interest of resolving this matter, to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree.  This Decree is final and binding on the Parties, their successors, and assigns.

4. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.  By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

5. If one or more of the provisions are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

6. This Decree fully and finally resolves any and all issues and claims asserted in the Complaint filed by EEOC in this action. No party admits the claims or defenses of the other.

7. The Parties acknowledge that this Decree does not resolve any Charges of Discrimination that may be pending with EEOC against Defendants.

## FINDINGS

8. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

   a. This Court has jurisdiction over the subject matter of this action and the Parties, and will retain jurisdiction for a period of five (5) years.

   b. No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree.

   c. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the Charging Party and the public interest are adequately protected by this Decree.

   d. This Decree conforms to the Federal Rules of Civil Procedure and the ADA/ADAAA and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA/ADAAA and will be in the best interests of Charging Party, Defendants, EEOC and the public.

   e. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of Defendants.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

## GENERAL INJUNCTIVE PROVISIONS

9. Defendants shall not discriminate against any person on the basis of disability within the meaning of the ADA/ADAAA.

## MONETARY RELIEF FOR CHARGING PARTY

10.     Within fifteen (15) business days following the Court's approval of this Decree, Defendants shall pay monetary damages totaling thirty thousand dollars ($30,000) representing the income that Charging Party would have earned if he had not been terminated, as well as compensation for all damages, compensatory, punitive or otherwise, costs and attorney's fees. The monetary damages shall be paid to Charging Party as follows:

| Back Pay<br>[for which an IRS Form W-2 shall issue] | Compensatory and Punitive Damages<br>[for which an IRS Form 1099 shall issue] |
|---|---|
| $10,500<br><br>[less applicable withholding] | $19,500 |

All payments shall be delivered, via certified mail, to the Law Offices of Kevin D. Smith, P.A., 6099 Stirling Road, Suite 101, Davie, FL 33314.  There shall be (1) a check for $10,500.00 made out to Antoine Acosta, for which a 1099 will be issued to Mr. Acosta; (2) a check for $10,500.00 made out to Antoine Acosta, for which federal deductions will be withheld and Mr. Acosta will receive a  W-2; and (3) a check for $9,000.00 made out to Kevin D. Smith, P.A., for which a 1099 will be issued.  Copies of the payments and related documents (including copies of I.R.S. Form W-2's and I.R.S. Form 1099's) shall be sent contemporaneously with checks, forms and/or other communications to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: UDE/UDS Consent Decree," at United States Equal Employment Opportunity Commission, Miami District Office, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.

11.     If Charging Party fails to timely receive the payments described in Paragraph 10 above, then Defendants shall pay interest on the defaulted payments at a rate calculated pursuant to 26

U.S.C. §6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay.

## JOB POSTINGS

12.  Defendants agree that all advertisements and/or postings for all job vacancies must indicate that Defendants are an equal opportunity employer that employs persons regardless of race, religion, color, national origin, sex, disability, age (40 and over), veteran status, and other protected status as required by applicable law.

## POSITIVE JOB REFERENCE

13.  Within five (5) calendar days following the Court's approval of this Decree, UDE agrees to provide Charging Party with a positive letter of reference in the form of the letter attached hereto as Exhibit A.

14.  In addition, if either UDE or UDS receive any inquiries regarding the employment of Charging Party, in lieu of an oral response, Defendants shall provide a copy of the appropriate aforementioned letter. No mention of the charge of discrimination or this lawsuit shall be made as part of any reference.

15.  During the term of this Decree, within ten (10) calendar days of responding to any inquiry regarding the employment of Charging Party, Defendants shall report compliance in writing to the EEOC, including the name and address of the person or entity to whom the letter was provided.

## ADOPTION AND DISTRIBUTION OF POLICY REGARDING
## DISABILITY DISCRIMINATION AND REASONABLE ACCOMMODATIONS[1]

16. Defendants must create a disability discrimination and reasonable accommodations policy (the "ADA Policy"), consistent with this Decree.

17. The ADA Policy shall include the following provisions:

   a. Defendants will not refuse to hire or employ any applicant or employee based upon speculation or stereotypes.

   b. Defendants will not withdraw an offer of employment or terminate an employee on the basis of disability if he or she is able to perform the essential functions of the job, with or without reasonable accommodation.

18. The ADA Policy shall include a formal, written procedure for addressing requests for accommodations received from employees. The procedure must specify the following:

   a. Defendants shall initially respond to all requests for accommodations in writing within ten (10) calendar days of the request, and shall identify what information Defendants needs (if any) from the employee/applicant.

   b. Defendants shall participate in an interactive process with the applicant/employee.

   c. Defendants shall make a final determination as to the request for an accommodation as soon as possible, but no later than one (1) month from the date of the original request.

   d. To the extent that Defendants deny a request for an accommodation, Defendants will provide a written explanation setting forth all reasons for the denial.

19. The ADA Policy must clearly define prohibited conduct and specifically prohibit disability discrimination against ALL employees.

20. The ADA Policy must also specify the following:

---

[1] Although Defendant UDE is an active corporation, UDE has represented to the Parties that it does not currently have any employees. As such, Paragraphs 15 through 30 shall apply to UDE only to the extent that UDE hires employees during the term of this Consent Decree.

      a.      Prohibited behavior will not be tolerated from its employees, customers, agents, contractors, sub-contractors, clients and any other persons present at any of the Defendants' facilities and locations.

      b.      Complaints of discrimination based on disability/failure to accommodate may be made to any manager or directly to human resources personnel.

      c.      Employees who make such complaints or provide information related to such complaints will be protected against retaliation.

      d.      Employees will not be required to complain of disability discrimination/failure to accommodate directly to the individual that is engaged in the discriminatory behavior.

      e.      The employer will protect the confidentiality of such complainants and all medical information to the extent possible and will promptly and thoroughly investigate all complaints.

      f.      The employer will take immediate and appropriate corrective action when it determines that disability-based discrimination or a failure to accommodate has occurred.

      g.      Employees who violate the policy are subject to discipline, up to and including discharge.

21. A copy of the ADA Policy will be provided to the EEOC for review within thirty (30) calendar days of the Court's approval of this Decree. Thereafter, copies of the Policy will be distributed to each of Defendants' employees and managers within sixty (60) calendar days of the Court's approval of this Decree. Further, all new employees will receive a copy of the Policy within the first five (5) business days of employment.

22. A copy of the ADA Policy shall also be included in any relevant policy or employee manuals maintained by Defendants. The Policy must be kept and maintained in a conspicuous and accessible place for all employees of Defendants and printed in a font that is easily legible (at least 11 point font) in English, Spanish and Creole.

**TRAINING**

23. Defendants shall provide its managers, supervisors, human resources personnel, hiring personnel, and recruitment personnel with five (5) hours of live training, annually, during the term of this Decree (the "Management Training"). The first Management Training shall take place within ninety (90) calendar days of the Court's approval of this Decree. The remainder of the Management Training sessions shall take place annually and no later than October 30th of each year throughout the duration of the Decree.

24. The Management Training shall include the following: (1) an explanation of the prohibition against disability discrimination, an explanation of the inter-active process, the requirements for reasonable accommodations, and the prohibition against retaliation under the ADA/ADAAA; (2) an explanation of the rights and responsibilities of managers, supervisors, and employees under the ADA/ADAAA and Defendants' ADA Policy; and (3) guidance on identifying and implementing reasonable accommodations.

25. Defendants also shall provide all other employees with two (2) hours of live training, annually, during the term of this Decree (the "Employee Training"). The Employee Training shall take place within ninety (90) calendar days of the Court's execution of this Decree.

26. The Employee Training shall include the following: (1) an explanation of the prohibition against disability discrimination, an explanation of the inter-active process, the requirements for reasonable accommodations, and the prohibition against retaliation under the ADA/ADAAA; and (2) an explanation of the rights and responsibilities of managers, supervisors, and employees under the ADA/ADAAA and Defendants' ADA Policy.

27. The Management Training and the Employee Training shall be conducted by an independent organization mutually agreed upon with EEOC. Defendants agree to provide EEOC with at least three (3) weeks notice before conducting training sessions pursuant to this Decree. In the written notice, Defendants shall notify EEOC of the dates on which training is scheduled, the name and job title of the person(s)/organization who will conduct the training, a resume of the person conducting the training, and the name and job title of each person who will attend the training.

28. Defendants shall provide EEOC with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions. Additionally, Defendants agrees that the EEOC may, at the EEOC's discretion, attend any training session.

## **POSTING OF NOTICE**

29. Within ten (10) calendar days from the Court's execution of this Decree, Defendants shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as Exhibit B to this Decree at all of Defendants' facilities in a conspicuous location, easily accessible to and commonly frequented by Defendants' employees (*i.e.* employee bulletin board or lunch room). The Notice shall remain posted for seven (7) years from the date of entry of this Decree. Defendants shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Within fifteen (15) calendar days from the Court's execution of this Decree, Defendants shall certify to EEOC in writing that the Notice has been properly posted as described in this paragraph.

## REPORTING

30. Apart from notice and/or reporting requirements discussed elsewhere in this Decree, Defendants shall furnish to EEOC written Reports twice annually during the term of this Decree. The first report shall be due six (6) months after entry of the Decree and thereafter by June 30, and December 30 annually. Each such Report shall contain:

   a. A list containing the name, address, and phone number of each visually impaired person that applied for a job with Defendants, as well as hire date (if applicable). If the applicant was not hired, Defendants shall provide the reason(s) why.

   b. A certification that the Training required in Paragraphs 23-28 was completed.

   c. A certification that the Notice required to be posted in Paragraph 29 above, remained posted during the entire six (6) month period preceding the Report.

   d. A description of each complaint of disability discrimination or request for accommodation received by Defendants within the six (6) month period preceding the report, whether verbal or written, formal or informal, including the names, last known home addresses, home telephone numbers, and cellular telephone numbers of the complaining parties;

   e. A description of what action, if any, Defendants took in response to the complaint of discrimination and/or request for accommodation;

   f. The names of any witnesses to each complaint; and

      g.      The resolution of each complaint occurring within the six (6) month period preceding the report. To the extent that Defendants deny a request for an accommodation, Defendants shall provide all reasons why the request was denied.

      h.      In the event there is no complaints of discrimination or requests for accommodation to report pursuant to this paragraph, Defendants shall send the EEOC a "negative" report indicating no activity.

## COMPLIANCE

31. The EEOC may review compliance with this Decree at any time during its duration.

32. As part of its review for compliance with this Decree, EEOC may request the last known home address, home telephone number, and mobile telephone number for all persons within Defendants' employ during the term of the Decree. Defendants shall provide EEOC with such information within five (5) business days of EEOC's request. Moreover, Defendants shall permit employees to speak confidentially with EEOC for purposes of verifying compliance with this Decree. In the event that EEOC is unable to contact an employee for purposes of verifying compliance with this Decree, it shall notify Defendants and Defendants shall, within five (5) business days, provide EEOC with the employee's scheduled hours of work over the next fourteen (14) calendar day period so that EEOC can conduct these interviews at the employee's breaks, at the end of the day, or at some other time convenient to the employee and EEOC. Defendant agrees that it will not discourage employees from participating in these interviews.

33. If anytime during the term of this Decree, the EEOC suspects that Defendants are in violation of the Decree, the EEOC shall have a right to conduct an inspection at Defendants' facilities. The EEOC must provide Defendant(s) with twenty-four (24) hours notice of its intent

11

to conduct an inspection by notifying Aliet Ceregido of the upcoming inspection via electronic mail ataceregido@uni-div.com.  After the inspection, the EEOC shall give notice of any alleged violation(s) to Defendants.  Thereafter, the parties shall follow the Dispute Resolution Procedure set forth in Paragraph 37 below.

34. Any submissions, reports, certifications, notices, or other materials that are required to be submitted to EEOC shall be mailed to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: UDS/UDE Settlement," at United States Equal Employment Opportunity Commission, Miami District Office, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.

## NOTIFICATION OF SUCCESSORS

35. Defendants shall provide prior written notice to any potential purchaser of its business, or a purchaser of all or a portion of Defendants' assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence and contents of the Decree.

## DURATION OF THE DECREE

36. The duration of the Decree shall be in effect for a period of five (5) years, which period commences immediately following the Court's approval of the Decree.

## DISPUTE RESOLUTION

37. In the event that EEOC believes that Defendants have failed to comply with any provision(s) of the Decree, EEOC will notify Defendants and Defendants must make a good faith attempt to cure any breach of the Decree within fifteen (15) business days of notification. The fifteen (15) business days to cure provision of this Paragraph shall not apply, however, to the payment required by Paragraph 10 above.

38. Following the fifteen (15) business day cure period, EEOC shall have the right to seek Court intervention to remedy any breach and/or enforce the Decree.

39. No party shall contest the Court's jurisdiction to hear a dispute arising from the Decree nor challenge EEOC's ability to bring an action to enforce the terms of the Decree in this Court.

## NO CONDITIONAL RECEIPT

40. Defendants will not condition the receipt of individual relief on an individual's agreement to: (a) maintain as confidential the terms of this Consent Decree; or (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) waive her right to apply for a position with Defendants.

## COSTS

41. Each party to this Decree shall bear its own costs associated with this litigation.

**SO ORDERED, ADJUDGED AND DECREED,** this _____day of _____, 2013.

_____
UNITED STATES DISTRICT JUDGE

AGREED TO:

FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _____*[signature]*_____  Date: 4/19/19
Robert E. Weisberg
U.S. Equal Employment Opportunity Commission
Miami District Office
Miami Tower
100 SE 2nd Street
Suite 1500
Miami, Florida 33131
Telephone: (305) 808-1789
Facsimile: (305) 808-1835


FOR THE DEFENDANT, UDS

By: _____  Date: _____

_____
Print Name

_____
Title

FOR THE DEFENDANT, UDE

By: _____  Date: _____

_____
Print Name

_____
Title

AGREED TO:

FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _____  Date: _____
    Robert E. Weisberg
    U.S. Equal Employment Opportunity Commission
    Miami District Office
    Miami Tower
    100 SE 2nd Street
    Suite 1500
    Miami, Florida 33131
    Telephone: (305) 808-1789
    Facsimile: (305) 808-1835

FOR THE DEFENDANT, UDS

By: _____  Date: 4/18/19
    MARIO MOYA
    Print Name

    Member
    Title

FOR THE DEFENDANT, UDE

By: _____  Date: 4/18/19
    Warren Sutton
    Print Name

    President
    Title

## EXHIBIT A

## REFERENCE

Dear _____,

This letter is in reference to your request for information regarding the employment of Antoine Acosta.

Antoine Acosta served as a sheet metal worker for Universal Diversified Enterprises, Inc. ("UDE") from _____ to _____. Although UDE is no longer in business, Antoine Acosta was eligible for rehire. Company policy does not permit us to provide any additional information concerning Mr. Acosta's employment, but I am sure he can provide you with the details concerning his duties at UDE.

I hope this information is helpful and that it satisfactorily answers your inquiry.

Very truly yours,

_____
[Title]
on behalf of UDE

15

## **EXHIBIT B**

## **NOTICE TO ALL EMPLOYEES**

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in <u>EEOC v. Universal Diversified Enterprises, Inc. ("UDE") and Universal Diversified Solutions, LLC ("UDS")</u>, No. 18-cv-23573. In this case, the EEOC alleged that Defendants discriminated against an employee by terminating him on the basis of disability. As part of the resolution of the matter, Defendants agreed to post this notice and to pay the employee $30,000.

The ADA/ADAAA protects individuals from employment discrimination because of their disability, and also requires employers to make reasonable accommodations. Defendants will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, disability discrimination. It is the policy of Defendants to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, or disability. There will be no intentional discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA), as amended, the Equal Pay Act (EPA) of 1963, as amended, the Americans with Disabilities Act (ADA), as amended, and the Genetic Non-Discrimination Information Act.

Defendants assure its employees that it supports the ADA/ADAAA and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated Defendants' policy prohibiting discrimination.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (305) 808-1740. EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for five (5) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: UDS/UDE Settlement, c/o EEOC Legal Unit, Miami District Office, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.

Date: _____

Signature: _____
      (owner)